Leave to file
GRANTED.

_Colleen Kollar-Kotelly_
U.S.D.J. 8/22/08

Mil of
letter
1180
8/1/08.

copy
for
CKK

to Mr Dean D. Attorney
   for Pro Se litigants
U S District Court House Bldg.
125 Market Street, Rm 337
Youngstown, OH 44503-1782

Re: Request to transfer prison Writ of H. Corpus
3562 claims and 28 USC section 1983 petition
for Remedies to Join DK v. SBA and DK v. PBM
in DC US District Court jointly under CKK
08-1213 c/o Paul Clement, U.S. Solicitor General.

    Nota Bene that since 3rd Chance says that I
would be home soon in DC it's better for the
convenience of all parties that all the above
related claims should be heard jointly in
US District Ct in DC in the interest of time and
cost. And all of them should be bound for a Ct
Supervised mechanism jointly under CKK 08-1213.
And DC Court should appoint good counsel for
D.Kissi since he is not a lawyer and Chief Judge of
the 4th Circuit Karen Hughes has already made him
eligible to participate or proceed under the cpp
Act without cost to him.

Respectfully submitted by D.Kissi
CC   Judge Dec Chivasro     Camp Elkton, OH 44432
     in Greenbelt MD          BOP # 38848037
Bcc Attorney Dean D of Ohio
Federal Ct House, Youngstown

Letter 1115
Dated
8/1/08

United States District Court
District of Columbia, DC
Case # 08-1213 CKK.

David Kush                              Plaintiff

        V.

Filed?
At DC Superior ① Judge Peter J. Messitte        A tort claim for 100 million
US District Ct ② U.S. Small Business Adm (SBA) A tort claim for 100 million
Federal Ct
in Youngstown ③A Paul Clement, U.S. Solicitor General
        and BOP Director Hanley et al    A tort claim for 100 million
"    "    ④ A Habeas Corpus petition / 35(b) in
        U.S. District Ct in Ohio
        Case # CV 1373 Youngstown, OH.
"    "    ⑤ And also Remedy Relief under 28 USC 1983 for 100 million

        Re: A response to Defendant's request to Recaption
            Complaint: A motion letter to Clerk.
    That plaintiff will not object to the defendant's
motion to recaption the Original complaint contingent
upon the court merging all the above tort actions
together. And what they have in common is that
the United States is the defendant in all cases.
            That since the 4th Circuit Appeals Ct in
Richmond says I am eligible to proceed at no cost
in the CJA Act and that I have already completed a
financial disclosure form that accompanied my
submission of my complaint against the SBA in 8/08.
I pray the court appoints me a good and honest
counsel at no cost, waive all filing and serving fees and
Serve the summons per the U.S. Marshall on my behalf:
And this joined, consolidated case should be mediated.
        Respectfully submitted by D. Kush, Plaintiff
                        DCJ# 702668 4/54

**Appendix A** *as a Substitution Certificate of Service*

Copies sent to:

1.  Chief Judge John Roberts, U.S. Supreme Court, 1 First Street, NE, Washington DC 20543

2.  Chief Judge Karen William, 4th Circuit Court of Appeals, 1100 East Main St., Richmond, VA 23219

3.  Judge Joseph R. Goodwin, US District Court for the Southern District Of West Virginia, Robert C. Byrd Courthouse, PO Box 2546, Charleston, WV 25329

4.  Chief Judge Benson Legg, U.S. District Court, 101 W. Lombard St., Baltimore, MD 21201

5.  U.S. Attorney General Michael Mukasey, U.S. Department of Justice 950 Pennsylvania Ave., NW Washington, DC 20530

6.  Valerie E. Caproni, General Counsel, FBI, 935 Pennsylvania Ave, NW, Washington, DC 20535

7.  Sharon Ormsby, Chief, FBI Financial Fraud Unit, 935 Pennsylvania Ave, NW, Washington, DC 20535

8.  U.S. Attorney Rod Rosenstein, 36 S. Charles St., Baltimore, MD 21201

9.  Judge Reginald Walton, U.S. District Court for D.C., 333 Constitution Ave, N.W., Washington, D.C. 20001

10. Judge Alexander William, U.S. District Court of Maryland, 6500 Cherrywood Ln., Greenbelt, MD 20770

11. David E. Van Zandt, Dean, Northwestern School of Law, Office of the Dean, Rubloff Building, Rm 235, 357 East Chicago Avenue, Chicago, IL 60611-3069 (Judge Messitte's Alma Mater)

12. *Jeffrey Taylor, U.S. Attorney for DC*

*By David R...., Plaintiff*
*32 S Pennsylvania Ave SE*
*Washington, DC 20003*
*202 668 ...4*
*Spencer Calvin Tim, W......*
*NB    the power of attorney.*
*Dk is now temporarily a*
*guest of Uncle Sam at*
*Camp Elkton, OH 44432.*
*Nipr 3834 8037.*

## 2008 CA 003989 B KISSI, DAVID Vs. MESSITTE, Judge PETER J

| File Date | 05/12/2008 | Case Status | Open | Case Status Date | 05/12/2008 |
|---|---|---|---|---|---|
| | | Case Disposition | Undisposed | Case Disposition Date | |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| KISSI, DAVID | | PLAINTIFF | PRO SE | |
| MESSITTE, Judge PETER J | | Defendant | | |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 09/05/2008 | 09:30 AM | Initial Scheduling Conference-60 | |

### Docket Entries

| Date | Text |
|---|---|
| 05/30/2008 | Issue Date: 05/30/2008 Service: Summons Issued Method: Service Issued Cost Per: $ MESSITTE, Judge PETER J US District of Court 6500 Cherrywood Lane GREENBELT, MD 20770 Tracking No: 5000048864 |
| 05/27/2008 | Order Granting Motion to Proceed In Forma Pauperis Entered on the Docket on 05/28/08 signed by J/Eilperin 05/27/08 |
| 05/12/2008 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 09/05/2008 Time: 9:30 am Judge: MOTLEY, THOMAS J Location: Courtroom 112 |
| 05/12/2008 | Motion Requesting U.S. Marshals Service of Complaint and Summons Filed: Attorney: PRO SE (999999) DAVID KISSI (PLAINTIFF); |
| 05/12/2008 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) DAVID KISSI (PLAINTIFF); |
| 05/12/2008 | Complaint for Malicious Prosecution Filed |



**U.S. SMALL BUSINESS ADMINISTRATION**
WASHINGTON, DC 20416

May 24, 2004

Mr. David Kissi
DK&R
4305 Ammendale Road
Beltsville, MD 20705

Dear Mr. Kissi:

This responds to your letter of May 18, 2004, regarding questions related to the sale of your U.S. Small Business Administration loans in Asset Sales #3 and #4, under the Freedom of Information Act.

The following is responsive to your request. The SBA sold SBA #70743130 and #55366330 in Asset Sale #3 on December 5, 2000 in pool AC 210 to Latte Stone, LLC. They made an "all or nothing" bid of $278,384,879 for 29 pools of loans containing 6,389 loans with an aggregate Unpaid Principal Balance of $569,843,808. On August 7, 2001, the SBA sold #92182730 in Pool AD003 to Tramco II. The pool was comprised of 65 loans with an Unpaid Principal Balance of $8,850,551. The winning bid was $2,686,000. As stated previously, the SBA accepted one bid for the 29 pools comprising Block 1 (101-115) and Block 2 (201-214) and individual loan or pool prices are not available. All sales are cash to the Agency.

Should you deem this reply unsatisfactory, you have the right to appeal this decision to the Chief, Freedom of Information /Privacy Acts Office, Small Business Administration, 409 Third Street, SW, Suite 5900, Washington, DC 20416. You must submit an appeal within 45 calendar days of the date of the notice of denial. The appeal should contain a description of the information requested, the name ~~...~~ request, the reason for the denial, and other pertinent facts you deem appropriate.

Sincerely,

*(signature)*

Richard C. Blewett
Director, Asset Sales

| DK&R LOAN # | AMOUNT PRAMCO PAID FOR THE LOT | VALUE OF LOT | PERCENT PRAMCO PAID | AVERAGE AMOUNT PRAMCO PAID PER LOAN |
|---|---|---|---|---|
| # 70743130 | $278,384,879 | $569,843,88 | 48 % | $ 435.7 |
| # 55366330 | 278,384,879 | 569,843,808 | 48 % | 4,357 |
| # 92182730 | 2,686,000 | 8,850,551 | 30 % | $1,323 |

*(handwritten annotations):*
12/5/00
8/7/01

ENT TO PRAMCO = $705,000

JUDGMENT IS 14 TIMES THE

~~...~~ PRAMCO PAID.

TOTAL PAID BY
PRAMCO FOR DK&R's
~~...~~ = $50,037

At the U.S. District Court of Northern Ohio
125 Market Street
Youngstown, Ohio 44503
(330) 884-7400

David Kissi,                     Plaintiff                          :

v.                                                                  :                Case # 4:08-cv-1373

Paul Clement,
U.S. Solicitor General et al           Defendants    :

                                                                    :

Order to Show Cause Why U.S. Solicitor General Paul Clement; Warden M. Zenk, Moshannon Valley
Correction Center, Philipsburg, PA; Director Harley Lappin, Federal Bureau of Prisons, Washington,
DC; U.S. Attorney Rod Rosenstein, Baltimore, MD; Chief Neal Power, Economic Crime Unit, FBI,
Washington, DC and Warden J.T. Shartle, FCI Elkton, OH
Shouldn't Be Cited for Contempt for Failing to Petition the Court to Have David Kissi Released for
Time Served Pursuant to His Assistance to the Government As Mandated By Federal Rules of Criminal
Procedure Rule 35b

That the following gentlemen: U.S. Solicitor General Paul Clement; Warden M. Zenk,

Moshannon Valley Correctional Center, Philipsburg, PA; Chief Harley Lappin, Federal Bureau of

Prisons, Washington, DC; U.S. Attorney Rod Rosenstein, Baltimore, MD; Chief Neal Power, Economic

Crime Unit, FBI, Washington, DC and Warden J.T. Shartle, FCI Elkton, OH, should show cause why

they shouldn't be cited for contempt for failing to petition the Court to have David Kissi released for

time served pursuant to his assistance to the government as mandated by Federal Rules of Criminal

Procedure Rule 35b.

That there had been a delay of at least 60 days for Kissi to be transferred from the Moshannon

Valley Correctional Center after the Immigration and Customs Enforcement reported that Kissi was a

U.S. citizen in good standing to Warden Zenk and Bureau of Prisons Director Harley Lappin. This is

because Moshannon, a private jail run by Cornell, Inc., a non-profit institution, had no prompt

inclination to transfer Kissi for it was afraid it will lose money for Kissi's empty bunk bed. And rather,

Kissi had been continuously denied basic rights regularly accorded Federal inmates. Even inmates

serving long sentences for capital punishment and serious felonies for money laundering and firearms

violations are given the benefit of job training programs, halfway homes and drug treatment programs

that eventually reduce their sentences and rehab them to return to society. But Cornell/Moshannon has

denied Kissi such basic rights because he is Black. This institution, rather, has humiliated him. In one

instance, a nurse at the clinic loudly declared to the hearing of other inmates that Kissi wasn't entitled to

a lower bunk despite his constant vertigo attacks and backaches. See pp. 7 - 11 – Kissi's medical record on vertigo. And when Kissi complained about this offhand remark because it was a violation of his privacy pursuant to his 5th Amendment rights, Cornell/Moshannon did sanction Kissi in retaliation for 33 days by depriving him of the use of the phone, commissary privileges and he was banned from the Recreation/Gym Room. Not only the above, Kissi continued to encounter unprovoked attacks from the staff after his citizenship status was confirmed. For example, on 2/18/08, the guards shook him down twice for the simple reason that Kissi had notified Warden M. Zenk about the leaking faucet in the restroom of the Rec Room/Gym and that they should promptly be repaired because the leaking water costs the government and American taxpayers lots of money. See p.12 - Moshannon inmate request form, hereby attached. As a result, all of this harassment and his fear that the nurses at the medical unit hate to see him, Kissi has lost weight and his eyesight has deteriorated for he was afraid to go and see Dr. Romeo for help and because Kissi doesn't want to trigger the wrath of the nurses. Keeping Kissi at Moshannon did cost him on his motion to the 4th Circuit to stay his sentence. This is because Kissi couldn't timely submit his motion because the library there has a dearth of law books, a broken copy machine and a restriction that was in effect because of a chicken pox outbreak at the beginning of this winter, all of which cost Kissi a chance to timely file his motion that could have helped him get released ahead of his appeal. He wasn't provided with space to safeguard his court papers or even his shoes. See pp. 12-15 - Kissi's complaints filed with Moshannon officials and their responses. And Kissi's request for a typewriter to file papers to the 4th Circuit was constrained by the Librarian who suggested Kissi use the library in the morning, which was inconvenient since Kissi was in class at that time. All this was humiliating to Kissi because non-citizen foreigners at Moshannon received top priority over Kissi, a U.S. citizen with no prior criminal record, who was helping the government despite its animosity towards him.

That Bureau of Prisons Director Harley Lappin's tardiness has also unnecessarily caused Cornell/Moshannon to keep Kissi, an American citizen, at Moshannon, a detention facility for deportees. That the Bureau of Prisons having been notified by the ICE about 60 days ago that Kissi is a U.S. citizen had dragged it feet to transfer Kissi and this is a violation of Sentencing Judge Joseph R. Goodwin's Order. Therefore, Director Lappin should be sanctioned for he knows of Kissi's health problems and the danger to his safety after providing information to the government that can lead to the successful prosecution of a group of businessmen in the D.C./Baltimore area and also in W. Africa. This is information the government didn't have and on the strength of Kissi's cooperation the government will end up putting behind bars at least 20 individual culprits who could be subject to fines and restitution of

6

above $50 million combined. And by taking down these criminal enterprises, the states of Virginia, Maryland and the District of Columbia can recoup millions in lost tax and business revenues from these wiseguys.

However, Kissi is afraid his cooperation with the government pursuant to Federal Rules of Criminal Procedure Rule 35b and 18 U.S.C. § 3521 will cause William Ampofo, Kwaku Ofori and Benedict Akangebu and Gary Wilson et al to counterattack him at any facility he is moved to other than camps located thousands of miles away in California, Alaska, Hawaii, Puerto Rico or somewhere in Virgin Islands. All this has been brought to the attention of BOP Director Lappin repeatedly, but he has chosen to ignore Kissi because he is Black. See pp. 17-33 - information provided to the FBI and U.S. Attorney in Pittsburgh to prosecute John Obeng, Osei Dankwaa, Gary Wilson, William Ampofo and his Avalar criminal racketeering group for various felonies and violations of immigration laws.

In tandem with the above, this Court should sanction for an unspecified amount, Rod Rosenstein, the U.S. Attorney for Maryland for continuing to drag his feet to have Kissi's 30 month sentence reduced on the grounds of Kissi's post-conviction cooperation. See pp.16- 33 - Motion for Reduction of Sentence filed on or about 1/6/2008.

However, it appears U.S. Attorney Rosenstein isn't motivated to recommend or to cause BOP Director Lappin to transfer Kissi immediately to a safer location or have his sentence reduced even though Rosenstein has given partial relief to other convicted individuals whose cooperation with the U.S. is of lesser value than what Kissi has already voluntarily contributed to assist law enforcement. See pp. 34 - 36 - for copies of Kissi's letters to Neal Power, Chief of Economic Crime Unit, Washington, DC Headquarters. Moreover, Rosenstein, it appears, bears a grudge against Kissi as Affidavit # 3 hereby attached (see pp.37 - 39) shows that Rosenstein has gone to the extent of scaring off lawyers Kissi was trying to recruit to file a post-conviction relief on his behalf. At that time in 8/2006, Rosenstein had posted his broadcast via the Internet that falsely asserted that Kissi had been convicted of such heinous crimes that he was going to jail for 40 years. Many lawyers, upon learning of this DOJ Internet bulletin that included statements that federal Judges Peter J. Messitte and E. Stephen Derby had testified against Kissi as government witnesses, didn't want to appear they were taking on the judicial system by helping Kissi. All this has injured Kissi on top of the loss of about $3 million of his assets to credit Pramco's fraudulent claims.

In conclusion, from available public records, Rosenstein isn't motivated to recommend to the Court to have Kissi's sentence reduced because he is disappointed that Judge Goodwin didn't give Kissi a 40 year sentence as he was promoting in this bulletin and therefore he, Rosenstein, feels justified not to

reward Kissi further with a reduced sentence even though Rosenstein cut sentences for other cooperative defendants who didn't assist his office on a big scale. And since Kissi's attorneys, Aaron G. Durden and Walter Weir have abandoned his case mid-stream, it's only through this Show Cause Order where Kissi can get a partial relief in his sentence so that he can go to a camp and pursue his appeal of his criminal conviction. And it's only through this Show Cause Order that Kissi can secure partial relief, for he believes Rosenstein, in his zeal to obtain a seat at the 4th Circuit, believes that Kissi kept behind bars reduces the barrier to his nomination to the bench.

Another reason Rosenstein is disinclined to have Kissi moved to a safe location and have his sentence reduced is that Rosenstein should know by now that creditor Pramco didn't have a claim against DK&R Company's Chapter 7 Estate when Pramco bought out DK&R's Riggs Hill property notes in 12/2000 from The Money Store/SBA. This is because when The Money Store/SBA received Pramco's check for the purchase, The Money Store/SBA failed to convey a title supported by an Affidavit that formally transferred ownership of the Riggs Hill notes to Pramco. Therefore, with Pramco not being able to prove its claims in the Bankruptcy Court, it shouldn't have been allowed to come to the U.S. District courtroom of Judge Peter J. Messitte to summarily obtain fraudulent judgments in the sum of $855,000 – a sum which is 2 ½ times what it couldn't obtain in the Bankruptcy Court. For the above reason, Kissi will prevail on his petition for a new trial in light of Ohio Federal Judges Kathleen O'Malley and Christopher Boyko's recent dismissals of the same creditor Pramco and other similar creditors' attempts to foreclose on some properties in Ohio where Pramco couldn't prove conveyance of title. These Ohio cases are similar to what Pramco was advancing in Maryland courts against Kissi out of which Kissi was hit with bankruptcy and obstruction of justice charges. But Ohio's rulings will vindicate Kissi and it's likely he will prevail on its merits if the summary judgments are reopened in light of Ohio. Therefore, Rosenstein is afraid a freed Kissi is more likely to regain his assets Pramco stole from him and his spouse. In fact, all this explains why Rosenstein is tardy to concur with Kissi's Motion for a reduction in sentence pursuant to Federal Rules of Criminal Procedure Rule 35b and 18 U.S.C. § 3521 Kissi filed on or about 1/6/2008.

Further, this Honorable court should sanction Warden J.T. Shartle et al for violating Kissi's federal civil rights and for retaliating against him for complaining that Commissary Clerk Haustman has discriminated against him because Kissi is black/Negro. Haustman is white it should be noted. And that Unit Manager Alex Feteke's decision along with Lieutenant A. Hosea and Lieutenant Montgomery to detain Kissi in the Special Housing Unit (SHU or Hole) of a medium security prison amounts to



retaliation and a violation of 18 USC § 1521. And also their retaliation action violates sentencing Judge Joseph R. Goodwin of West Virgina's order that says Kissi should be detained in a Camp.

In sum, for all the above reasons, this Court should issue an order to compel U.S. Solicitor Paul Clement; Warden M. Zenk of Moshannon Valley Correction Center, Philipsburg, PA; Director Harley Lappin of the Federal Bureau of Prisons, Washington, DC; U.S. Attorney Rod Rosenstein of Baltimore, MD; Chief Neal Power, of the Economic Crime Unit, FBI, Washington, DC and Warden J.T. Shartle of FCI Elkton, Ohio to show cause why U.S. Citizen David Kissi shouldn't be transferred for safety reasons to a federal minimum security camp in California, Alaska, Hawaii, Puerto Rico or somewhere in the Virgin Islands. That Warden M. Zenk should show cause why he shouldn't be sanctioned for some unspecified amount for continuously holding Kissi at Moshannon Valley Correctional Center which is a jail for holding non-citizen deportees. And that U.S. Attorney Rod Rosenstein should also show cause why he shouldn't be sanctioned for an unspecified amount for failing to recommend to the Court that Kissi should be rewarded for providing information that will help the government to prosecute a group of racketeers and that the reason for his sanction amounts to bad faith and a violation of Kissi's Equal Protection rights.

That in a wrap up, Kissi pleads that this court should disqualify sentencing Judge Joseph R. Goodwin from presiding on this case any further for his persistent bias throughout these proceedings against Kissi. This is because Judge Goodwin is White and Kissi is Black. And all available evidence shows that Judge Goodwin's whole intention at trial was to have Kissi 'burned alive'. Even before trial started, Judge Goodwin had branded Kissi "delusional" and that Kissi's appellate motions intended to reverse Judge Messitte's fraudulent summary judgements were "homemade" even though in the same instance Judge Goodwin admitted he wasn't familiar with what Judge Messitte's summary judgments were all about. And in another instance Kissi's attempt to force Judge Goodwin off the bench by subpoenaing him to appear as Kissi's witness was ignored by Judge Goodwin. See p.40 - Kissi's Affidavit filed in 2006 prior to the trial on 7/31/06. All this coupled with Judge Goodwin's Court Reporter, Lisa A. Cook's tendency to undermine Kissi's case by not recording certain portions of the trial's testimony forms a strong basis to remove Judge Goodwin as not being an impartial judge.

That as part of this proceeding where Kissi is pleading for a partial relief to have his sentence reduced to time served so that he can now go home, simultaneously Kissi should be rewarded for his cooperation with law enforcement by having his assessment, court fines and a legal bill of $28,000 reimbursement to Venable waived, And his right to pursue his current appeal should remain intact. And if the government were to insist on a year's probation, Kissi, in a compromise, will not confront it. And



under this deal, the government should agree to pay Kissi a bounty or reward representing 10-30% of the combined total assets and cash the U.S. would recover from all the wiseguys.

That for all the above, this Court should order the Defendants to show cause by 7/31/08 why they (U.S. Solicitor General Paul Clement; Warden M. Zenk, BOP Director Harley Lappin; U.S. Attorney Rod Rosenstein; FBI Chief Neal Power and Warden J.T. Shartle) should all show cause why they shouldn't release Plaintiff Kissi from federal custody for time served and have his $40,000 in court fines and fees and 3 year probation wiped out as a result of meeting his portion of the terms of Rules 35(b). And for the Defendants to have reneged and shown bad faith because Kissi is black, all the Defendants should be enjoined from further such action and should be sanctioned jointly as a group for $100 million and censured for criminal contempt for it is unlawful actions and for disobeying sentencing Judge Goodwin's order.

Respectfully Submitted by: _____

David Kissi, Plaintiff
#38348037
FCI Elkton
PO Box 10
Lisbon, OH  44432

## Certificate of Service

That on this day of 6/20/08 a copy of this Order to Show Cause was sent per U.S. mail to Warden M. Zenk, Moshannon Valley CI, 555 I Cornell Dr., Philipsburg, PA 16866; Harley Lappin, Director Federal Bureau of Prisons, 320 First St., NW, Washington, DC 20534; U.S. Attorney Rod Rosenstein, 36 S. Charles St. Baltimore, MD 21201; Neal Power, Chief, Economic Crime Unit, FBI Headquarters, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535; Warden J.T. Shartle, FCI Elkton, PO Box 89, 8730 Scroggs Rd., Elkton, OH 44415; and U.S. Solicitor General Paul D. Clement at 950 Pennsylvania Ave, NW, Washington, DC 20530.

_____
David Kissi

At the U.S. District Court of Northern Ohio
125 Market Street
Youngstown, Ohio 44503
(330) 884-7400

David Kissi,                              Plaintiff

v.                                                                                    :        Case # 4:08-cv-1373

Paul Clement,
U.S. Solicitor General et al,            Defendants

## ORDER

That the record shows that the U.S. has acted in bad faith for failure to meet its terms of Federal Rules of Criminal Procedure Rule 35(b) and the Plaintiff is entitled to relief as a matter law. And that this being the case, Plaintiff should be promptly released for time served and the court's $40,000 fine and assessment is forgiven and his 3 year probation is hereby quashed.


_____
                                                            Judge

*The following is a list of culprits that will [illegible] turn in to the government to prosecute. It's possible 10-20 of these culprits will end up in jail for various crimes which can also bring into the U.S. treasury at least 100 million [illegible]. Ron Rosenfeld went to [illegible] is Attorney for Maryland against [illegible] production [illegible]*



## THE FOUNTAINHEAD TITLE GROUP

Bouland & Brush, LLC, of Counsel

**K.D. OFORI, ESQ.**
Attorney at Law / Manager

7500 Greenway Centre Drive, Suite 100, Greenbelt, MD 20770
301-220-0229  Fax 301-220-2819  Cell 240-417-9700
kdofori@fountainheadtitle.com

HOME ADDRESS: 14421 FAIRDALE RD
SILVER SPRING, MD 20905

## Realty Depot USA

**William (Bill) Ampofo, GRI**
Broker / Owner

1100 Mercantile Lane • Suite 119 • Largo, Maryland 20774
888.406.5151 • Local: 301.773.5100 • Cell: 301.728.5144
Fax: 301.773.8500 • bampofo@realtydepotusa.com

AND.

BENEDICT AKANEGBU
CHOICE VENTURES, LLC
9513 ODELTN CT
LAUREL, MD 20723
THIS HOUSE WAS SOLD TO JOSEPHINE AKPU-THOMAS
AN AVALAR REALTOR (SEE LIST) IN 5/2007

## 1st CHESAPEAKE
Home Mortgage, LLC
*A Direct Lender*
1100 Mercantile Lane Suite 119 • Largo, MD 20774

**Nancy Marsden**
*Vice President/Senior Loan Officer*

Cell 443-838-7438 • Office 301-560-3615 • Fax 443-583-2574
www.MyMortgageLady.com • nmarsden@1stchesapeake.com



## Washington Mutual 2/04
HOME LOANS
**Greg Chiazor** cell
Loan Consultant # 240-882-4499

Largo Home Loan Center
10562 Campus Wy. S
Largo, MD 20774-1309

direct  301.324.4104
fax  301.324.4124
cellular  240.882.4499
pager  301.930.5943

## RE/MAX
Realty Group

**Lily Chedrauy**
Hablo Español
Multi Million Dollar Producer
6 Montgomery Village Avenue, Suite 200
Gaithersburg, MD 20879
Office (301) 258-7757
Cell (240) 388-3507
Fax (301) 921-2653
lilchedrauy@yahoo.com

Each Office Independently Owned and Operated



## FIRST MARYLAND
TITLE & ESCROW SERVICES, LLC

**Raluca Cristina Focsaneanu, Esquire**
PRESIDENT/FOUNDER
MOBILE: (703) 855-5221 • EMAIL: focsaneanu@covad.net
6246 Montrose Road • Rockville, MD 20852
Tel: (301) 770-1456 • Fax: (301) 770-3577
firstmarylandtitle@covad.net
Servicing MD, DC & VA
*Proud Sponsor of the Chesapeake Bay Foundation*

TONY RADAN.
BANKER
FIDELITY + TRUE
MORTGAGE, I
TEL:
301-527-0256
FAX:
301-527-0164



---

February 10, 2008

Mr. Neal Power, Chief
Economic Crime Unit
FBI Headquarters
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

Re:    Request That The BOP Recalculate My Prison Time And Transferred Me
       To A Minimum Security Prison Camp In CO, CA, PR, HI, VI, or AK

Dear Mr. Power:

Since the Immigration and Customs Enforcement Agency has now lifted the Detainer it placed on me on 1/21/08, I request a recalculation of my prison time. This is because the 7/14/09 end date of my sentence doesn't take into consideration that I am a U.S. Citizen entitled to a 15 % discount on the 30 month jail term I received. Also, this date doesn't give me credit for the three days I spent at the Maryland Correctional Adjustment Center (MCAC) in Baltimore, MD when Judge Joseph R. Goodwin released me on 10/25/05, but my court appointed attorney, Michael Schatzow of Venable and the U.S. Marshals failed to put in the paperwork for my release until three days later. So I should be given this credit, as well.

Also, due to my cooperation pursuant to Federal Rules of Criminal Procedure Rule 35(b) and Title 18 § 3521 I request a reduction in my sentence; a reduction from a 3 year to a 1 year probation; a waiver of the court fines and assessment owed of over $40,000 and consideration for award of a bounty for supplying information to Federal Bureau of Prisons Director Harley Lappin; U.S. District Judge Joseph R. Goodwin, Moshannon Valley Correctional Center Warden Zenk; the U.S. Attorney Mary Beth Buchanan in Pittsburgh; the Assistant U.S. Attorney Barbara Sale of Baltimore, Maryland, Special Agent Robert Rudge, Jr. of the FBI in Pittsburgh, PA and Kenneth Waltman, Director of the ICE in White Deer, PA that will lead to prosecution of criminals who have cost Maryland financial institutions and homeowners millions of dollars in losses for their illegal activities. See my US District Court in Maryland for Post Conviction Relief including evidence of criminal activities by others (Attachments A & B).

Finally, kindly consider to recommend to the Federal Bureau of Prisons to transfer me to the federal minimum security camp at Lompoc, CA or similar minimum security camp in Colorado, Alaska, Hawaii, Puerto Rico, California or the Virgin Islands while I await a reduction in my 30 month sentence. I am making this request for relocation pursuant to Title 18 § 3521 because it would not be safe for me to be sent to a Maryland facility nor to Ohio. See Attachment C - letter from Congressman Hoyer indicating my possible transfer to FCI Elkton, Ohio.

Sincerely,

David Kissi
# 38348-037
Moshannon Valley CI
555 I Cornell Dr.
Philipsburg, PA 16866

cc: Honorable Judge Joseph R. Goodwin, U.S. District Court for WV, PO Box 2546, Charleston, WV 25329
    Mr. Harley Lappin, Director, Federal Bureau of Prisons, 320 First St., NW, Washington, DC 20534



(34)

---

March 10, 2008

To:    Neal Power, Chief Economic Crime Unit
       Federal Bureau of Investigation
       FBI Headquarters
       935 Pennsylvania Avenue, NW
       Washington, D.C. 20535

RE:    Abuses in the Subprime Market -- Offer of Valuable Information The
       Government Didn't Have; Information To Help Prosecute Subprime Lenders
       Wells Fargo, Franco of Belgium, Countrywide, GE Capital, Ameriquest,
       The Money Store/First Union/Wachovia, EMC Mortgage and Washington Mutual

We reiterate that we are an African American couple and that our business, Living Trust and our long experience, we are voluntarily offering to testify under oath for the government that this specific group of subprime lenders over the years charged us excessive interest rates relative to White Borrowers with similar triple B credit ratings. See pp. 3-4 - Affidavit # 5. This group also bid excessive fees in their mortgage agreements, an action that violates the Federal Fair Credit Lending Act and if there were any disagreements over terms of the loan or if we needed a little break to delay payment because of slow cash receipts from D.C. Government, The Money Store would threaten foreclosure. In fact, a minor request that we should be granted a 3 day grace period when a monthly mortgage was due caused The Money Store to initiate foreclosure proceedings such that we had no choice but to place our business, DK&R Company, into bankruptcy in 9/2000.

In tandem with the above, these subprime lenders' collection practices have corrupted the courts. For example, even though attorneys John Burson and Joseph Buoanaississi both are based in Northern Virginia, yet all their Wells Fargo, EMC and other subprime mortgage holders' foreclosure actions are heard mainly by Judge Herman C. Dawon of the Prince George's County Circuit Court in Upper Marlboro, MD alone. This is because according the The Washington Post Dawson's charitable foundation, Rising S.T.A.R.S. Youth Scholarship Foundation, Inc, receives donations from subprimers and financial institutions who retain attorneys including Burson and Buoanaississi. But this 'bribery' or conflict of interest in never disclosed in court to homeowners, mainly African Americans, in Judge Dawson's courtroom where he usually rubber-stamps in favor of the financial institutions. This partly explains why Prince George's County has the largest supply of foreclosed homes owned by African Americans in Maryland, with Baltimore City not far behind. See pp. 5-45 case # 1.08cv 062 City of Baltimore v. Wells Fargo. The FBI and IRS, we suggest, should investigate Judge Dawson, his charitable organization and lawyers retained by Wells Fargo and other subprime lenders and their attorney representatives, e.g., John Burson and Joseph Buoanaississi, for possible criminal and civil conflict of interest and is corrupting the Prince George's County court system.

Unfortunately, we and thousands of others in Maryland lost properties to EMC, Washington Mutual, Wells Fargo, Franco of Belgium, Countrywide, The Money Store/First Union/Wachovia and Ameriquest. And we and other African American property owners who have been injured by these bad guys will testify. See pp. 46-62 - Listing of 960 Pranco bankruptcy/foreclosure cases, 2/3 of these are African American borrowers. See pp. 63-76 -- Newspaper clippings re: Subprime Crisis. And we request the government to award us 10-30% of the $3million + that flowed through Judge Dawson's court. See p. 81 - for IRS form 211 complaint.

(35)

(13)

# Inmate Statement

| | | |
|---|---|---|
| Inmate Reg #: | 38348047 | Current Institution: | Elkton FCI |
| Inmate Name: | KISSI, DAVID | Housing Unit: | ELK-GA |
| Report Date: | 03 22 2008 | Living Quarters: | G02-001-01 |
| Report Time: | 9:35:12 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| ELK | 3/19/2008 9:17:18 AM | 9 | | | Sales | ($67.23) | | $33.23 |
| ELK | 3/12/2008 10:28:21 AM | 1 | | | Sales | $0.00 | | $100.46 |
| ELK | 3/11/2008 8:18:37 PM | 33311708 | | | Western Union | $100.00 | | $100.46 |
| ELK | 3/11/2008 12:31:52 PM | 90 | | | Sales | ($7.70) | | $0.46 |
| ELK | 3/11/2008 4:25:28 AM | TX031108 | | | Transfer - In from TRUFACS | $8.16 | | $8.16 |

Total Transactions: 5

| | | |
|---|---|---|
| Totals: | $33.23 | $0.00 |

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| ELK | $33.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $33.23 |
| Totals: | $33.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $33.23 |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $108.16 | $74.93 | $38.75 | $100.46 | $38.75 | N/A | N/A |

"AUTHORIZED BY THE ACT OF JULY 27, 1955,
TO ADMINISTER OATHS (18 USC 4004) .

_R Kennedy_
CORRECTIONAL TREATMENT SPECIALIST

_3-22-08_
DATE

Case 1:08-cv-01213-CKK    Document 10    Filed 08/25/2008    Page 16 of 16
Case 4:08-cv-01784    Document 2    Filed 07/24/2008    Page 3 of 5
Case: 07-4916    Document: 46    Date Filed: 03/11/2008    Page: 1

FILED: March 11, 2008

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 07-4916
(8:05-cr-00254)

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

DAVID M. KISSI,

    Defendant - Appellant

_____

O R D E R

_____

  Appellant has filed a motion to reconsider an order denying his motion to proceed under the Criminal Justice Act.

  The Court grants the motion and allows appellant to proceed under the Criminal Justice Act.

      For the Court--By Direction

      /s/ Patricia S. Connor, Clerk